NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEANDRO LEONEL GONZALEZ, | No. 19-56149 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-02104-CAB-WVG |
| v. | |
| A. RENTERIA, Correctional Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted December 2, 2020**

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

California state prisoner Leandro Leonel Gonzalez appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging various

constitutional claims. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051,

1056 (9th Cir. 2004). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendant Renteria because Gonzalez failed to raise a genuine dispute of material fact as to whether Renteria's conduct amounted to an unnecessary and wanton infliction of pain. *See Jordan v. Gardner*, 986 F.2d 1521, 1525-26 (9th Cir. 1993) (en banc) (the Eighth Amendment prohibits "only the unnecessary and wanton infliction of pain"; evidence of no more than "momentary discomfort caused by the search procedures" does not meet the "constitutional standard for a finding of pain" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendant Romero because Gonzalez failed to raise a triable dispute as to whether Romero was deliberately indifferent to a substantial risk of serious harm to Gonzalez when he did not intervene during the searches performed by Renteria. *See Farmer v. Brennan*, 511 U.S. 825, 834, 836 (1994) (for an Eighth Amendment failure-to-protect claim, the plaintiff must show the deprivation alleged was "objectively, sufficiently serious" and the defendant was deliberately indifferent to a "substantial risk of serious harm" (citation and internal quotation marks omitted)); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (officers "have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment for defendant Segovia

because Gonzalez failed to raise a triable dispute as to whether Segovia's alleged actions would have chilled a person of ordinary firmness from exercising his or her First Amendment rights. *See Brodheim v. Cry*, 584 F.3d 1262, 1269, 1271 (9th Cir. 2009) (discussing elements of a retaliation claim in the prison context and objective standard governing the chilling inquiry).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**